## CITY OF ST. PAUL v. HYSLOP.

(Circuit Court of Appeals, Eighth Circuit. November 18, 1909.)

No. 3,105.

1. MUNICIPAL CORPORATIONS (§ 791*)—SIDEWALKS—DEFECTS—DISCOVERY—SUPERVISION.

A city's duty to keep a street or sidewalk in order includes the duty of reasonable supervision, so that, if the exercise of such supervision would have led to a discovery of the defect by which plaintiff was injured in season to have enabled the city to have repaired it, or to protect the public against it, the city was subjected to the same liability as though it had actual knowledge.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1647–1651; Dec. Dig. § 791.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. TRIAL (§ 242*)—INSTRUCTIONS—APPLICATION OF LAW TO EVIDENCE.**

An instruction directing that the jury should take the law from the court and apply the facts to it was not misleading for failure to charge that they should apply the law to the facts.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 242.*]

**3. TRIAL (§ 296*)—INSTRUCTIONS—STATEMENTS BY COURT—CORRECTION.**

In charging a jury, the court, after correctly stating the law as to the measure and elements of damage, said: "Now, that has been the rule laid down by the Circuit Court of Appeals; that is the rule in this jurisdiction. It is not for me to say whether I think it is a just rule or not." On objection that this was an intimation that the jury might ignore the law theretofore announced with respect to the damages, the court, in the presence of the jury stated: "I do not mean to make any such implication; I declare that as the law in this jurisdiction; I do not mean to make any such intimation as that." *Held* that, while the sentence first quoted was ill-advised, any error therein was cured by the court's explanation.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 296.*]

In Error to the Circuit Court of the United States for the District of Minnesota.

Action by William G. Hyslop against the City of St. Paul. Judgment for plaintiff, and defendant brings error. Affirmed.

J. C. Michael, C. E. Collett, and Morton Barrows, for plaintiff in error.

William H. Hallam and Anderson & Ekern, for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. On October 1, 1907, about 7:30 o'clock in the evening, plaintiff was walking near the middle of the sidewalk on Fourth street, one of the principal business streets in the city of St. Paul. When in front of the Union Building a portion of the stone sidewalk gave way and precipitated him to the bottom of an excavation underneath the sidewalk, from which fall he sustained the injuries complained of. It had been raining, and the evening was quite dark, at the time of the injury. The sidewalk consisted of stone flagging, originally about four inches in thickness; said flagging resting upon, and supported by, iron rails. The walk was about ten feet in width and the excavation underneath about eight feet in depth. The stone flagging of the walk had been in place many years. The thickness of the stone near the center of the walk had been reduced about an inch by reason of the travel thereon. The walk, at the point where the injury occurred, was in front of a building which had been occupied for a number of years by a publishing house, and the paper which it used in the conduct of its business had been unloaded in large crates upon the walk in question. For some months previous to the date of the injury the stone flagging of the walk had been broken and exhibited cracks from a quarter to a half inch in width. The testimony showed that some persons accustomed to travel to and from their places of business daily over this walk guardedly avoided the center and passed along the walk nearer the edge thereof. One of

the witnesses stated that some three weeks prior to the accident, when walking along the walk at the point in question with a friend he "caught a crack" (as he expressed it), which he estimated was from a quarter to a half inch in width, running in a somewhat circular shape.

On the night in question plaintiff was passing along the walk when a portion of the stone flagging, in something of a triangular shape, about four feet long, three feet wide at one end and one foot at the other, gave way and precipitated plaintiff to the bottom of the areaway underneath, causing the injuries complained of, and to recover damages for which this action was brought. Plaintiff, a citizen of Wisconsin, was not an entire stranger in St. Paul, but testified that he did not think he had ever traveled over this walk before, though he might have done so.

The evidence does not show actual knowledge by the city of the defective condition of the walk, and complaint is made by plaintiff in error that the evidence was insufficient to submit to the jury the question whether, under the facts as shown, the dangerous condition of the walk was so apparent, and had existed for such a period of time, that the city was chargeable with constructive notice of such condition. The question was submitted to the jury with the following instruction:

"The duty of keeping a street or sidewalk in order includes the duty of reasonable supervision, and when exercising such supervision would have led to the discovery of the defect in season to repair it or to protect the public against it, there is the same liability as though there had been actual knowledge."

We think the evidence sufficient and properly submitted to the jury by the foregoing instruction.

The court, in its charge to the jury, said:

"It is your province to take the law from me as I give it to you, and to apply the facts to it as you find them from the evidence."

It is urged that this statement was misleading; that the jury should have been told to apply the law as given to them by the court to the facts as they should find them; and that it was error and misleading to tell the jury to apply the facts as they should find them to the law as announced by the court. We cannot conceive that the jury was in any way misled in respect of their duty by direction to apply the facts to the law rather than the law to the facts. The jury would clearly understand that they were to find the facts from the evidence, accept the law as announced by the court, and, considering the facts and the law together, render the proper verdict.

The court, in its charge to the jury, after correctly stating the law as to the measure and elements of damages, said:

"Now, that has been the rule laid down by the Circuit Court of Appeals; that is the rule of this jurisdiction. It is not for me to say whether I think it is a just rule or not."

It is urged that the expression, "It is not for me to say whether it is a just rule or not," was in effect a statement to the jury that they might ignore the law theretofore announced with respect to damages. This statement by the trial judge was at least an improvident one; but when counsel took exception to it, and suggested that it implied

that the court was of the opinion that the rule of the Circuit Court of
Appeals should not be the law, the judge replied, in the presence of the
jury:

"I do not mean to make any such implication; I declare that as the law in
this jurisdiction; I do not mean to make any such intimation as that."

In view of the latter statement, it cannot be held that there was any
error in the law given to the jury upon this subject, although the clos-
ing sentence was ill-advised and exceedingly unfortunate. As juries
are usually guided by statements of the court upon the evidence as
well as the law, care should be exercised not to make statements, by
way of illustration or otherwise, not warranted by the law or the
evidence.

There was no evidence of contributory negligence on the part of
plaintiff, and the instruction of the court in this respect was properly
given.

From the whole record, we think there was sufficient evidence to
submit the case to the jury, and that the judgment should be affirmed.